STATE EX REL. OSHKOSH COUNTRY CLUB, Respondent, vs. PETRICK, Town Clerk, Appellant.

*June 2—June 23, 1920.*

*Taxation: Assessment of real estate of golf club: Improvements: Basis of appraisal.*

1. The statutory rule that property shall be assessed "at the full value which could ordinarily be obtained therefor at private sale" requires that property shall be assessed with reference to purposes for which it may be sold rather than the purposes to which it presently may be devoted.
2. In assessing the real estate of a country club for purposes of taxation, money expended in improving the property for golf purposes should not be considered, but it must be appraised with reference to its value for farming purposes. *State ex rel. Gisholt M. Co. v. Norsman,* 168 Wis. 442, distinguished.

APPEAL from a judgment of the circuit court for Winnebago county: GEO. W. BURNELL, Circuit Judge. *Affirmed.*

*Certiorari* to review the proceedings of a board of review. The assessor for the town of Black Wolf, Winnebago county, assessed the property of the *Oshkosh Country Club* for the year 1919 at the sum of $30,000, the real estate being valued at $25,000 and the improvements thereon at the sum of $5,000. Objection having been made before the board of review, the said assessment was reduced to $27,500, the real estate being valued at $22,500 and the improvements thereon at $5,000. The property consists of sixty-seven acres of land laid out as a golf course. The improvements consist of a club house, caddie house, tool

shed, and water pressure. The property was purchased in 1917 for $10,500. At that time the improvements consisted of a good farm, dwelling house, large barn, and small shed. The dwelling house was remodeled into a club house at an expense of $10,000. The evidence before the board of review showed that the land was worth not to exceed $200 an acre for farming purposes, and the improvements around ten or eleven thousand dollars. The officers of the club did not object to an assessment of $25,000. It also showed that, including the purchase price of $10,500, upwards of thirty-five or thirty-six thousand dollars had been expended by the club in placing the property in its then condition. The circuit court entered judgment reducing the assessment to $25,000, from which the town appealed.

For the appellant there was a brief by *Bouck, Hilton, Kluwin & Dempsey* of Oshkosh, and oral argument by *E. J. Dempsey.*

For the respondent there was a brief by *Williams & Williams* of Oshkosh, and oral argument by *George E. Williams.*

OWEN, J. The essential difference between the parties is whether moneys expended by the club in improving the property for golf purposes can be taken into consideration in valuing the same for purposes of taxation. It is the contention of the owners that the real estate should be assessed for such sum as will represent its value for farm purposes. The theory of the assessing officers is that the value of the property as a whole, including the real estate and improvements thereon, should bear some relation to the amount expended to place the property in its present condition, and as a basis for the assessment they first ascertained the amount of such expenditures and, after allowing a liberal depreciation, fixed the amount of the assessment as above stated. In doing so they evidently had in mind the rule

State ex rel. Oshkosh Country Club v. Petrick, 172 Wis. 82.

sanctioned by this court in *State ex rel. Gisholt M. Co. v. Norsman,* 168 Wis. 442, 169 N. W. 429.  There is this difference between the property here under consideration and the property involved. in the *Gisholt Case:* In the *Gisholt Case* the property was devoted to manufacturing purposes and the company was a going concern with an established business.  That it could be sold as such at private sale was not questioned.  But because sales of such property were few and far between (as testified to by the president of the company), it was ruled that the original cost of the property less depreciation might be considered in fixing the value thereof for taxation purposes.  Here the property has been improved for the special gratification of its owners and is devoted to the recreation and pleasures of the members of the club.

It is not at all unusual for the owner of property to expend large sums of money in fitting it up to suit his personal fancy.  Money so expended does not necessarily add to its value for taxation purposes, under the rule of our statute, which requires that property shall be assessed "at the full value which could ordinarily be obtained therefor at private sale."  Sec. 1052, Stats.  This requires that property shall be assessed with reference to purposes for which it may be sold rather than the purposes to which it presently may be devoted.

It is a matter of common knowledge that there is no sale for a golf course in or adjacent to a city of the size of Oshkosh.  Should the club disband or abandon the undertaking the property would have to be sold for farming purposes.  It could not be sold as a golf course.  In assessing it for taxation purposes, therefore, it must be appraised with reference to its value for farming purposes.  The evidence shows that this does not exceed $14,000 for the land.  By no process or calculation can the assessment of $27,500 be justified.  Inasmuch as the officers of the club

did not object to an assessment of $25,000, the circuit court fixed the assessment at that sum. We find no evidence to justify a higher assessment, and the judgment of the circuit court should therefore be affirmed.

*By the Court.*—Judgment affirmed.