STATE EX REL. BOOSTROM and another, Respondents, v. BOARD OF REVIEW OF THE TOWN OF LINN, WALWORTH COUNTY, Appellant.*

*No. 176. Argued February 5, 1969.—Decided April 1, 1969.*
(Also reported in 166 N. W. 2d 184.)

---

[24] *Boller v. Cofrances,* post, p. 170, 166 N. W. 2d 129.
* Motion for rehearing denied, with costs, on June 3, 1969.

150

152

For the appellant there were briefs by *Lehman & Seymour* of Elkhorn, and oral argument by *William L. Seymour*.

For the respondent Hazel Boostrom there was a brief by *Godfrey, Godfrey & Neshek* of Elkhorn, and oral argument by *Thomas G. Godfrey*.

For the respondent Lake Geneva Country Club, Inc., there was a brief and oral argument by *Hugh L. Burdick* of Lake Geneva.

BEILFUSS, J.   The issues presented are:

1. Was there sufficient evidence offered by the relators to show the Boostrom property was not assessed at its actual market value?

2. Should the land owned and used as a golf course be assessed as agricultural land instead of residential?

3. Were the residential and agricultural lands assessed upon a nonuniform statutory basis so as to impose an unequal burden of taxation?

Basic to the issues are the constitutional provision that "[t]he rule of taxation shall be uniform [3] . . . ," and the statutory direction as how real estate is to be valued. Sec. 70.32 (1), Stats., provides:

"**Real estate, how valued.** (1) Real property shall be valued by the assessor from actual view or from the best information that the assessor can practicably obtain, at the full value which could ordinarily be obtained therefor at private sale. In determining the value the assessor shall consider, as to each piece, its advantage or disadvantage of location, quality of soil, quantity of standing timber, water privileges, mines, minerals, quarries, or other valuable deposits known to be available therein, and their value; . . ." [4]

---

[3] Wisconsin Constitution, art. VIII, sec. 1.

[4] For a summary of cases construing sec. 70.32, Stats., and methods of evaluation *see State ex rel. Evansville Mercantile Asso. v. Evansville* (1957), 1 Wis. 2d 40, 82 N. W. 2d 899.

The standards of review in the trial court and in this court are as follows:

"The principles of law are well settled governing the jurisdiction of courts in reviewing the findings of boards of review on *certiorari*. The duties of boards of review are *quasi*-judicial and courts have no jurisdiction to disturb their findings or determinations except where they act in bad faith or exceed their jurisdiction. *Brown v. Oneida County*, 103 Wis. 149, 79 N. W. 216. Judicial review of the action of boards of review on *certiorari* extends only to jurisdictional errors. *State ex rel. Miller v. Thompson*, 151 Wis. 184, 138 N. W. 628; *State ex rel. M. A. Hanna D. Co. v. Willcuts*, 143 Wis. 449, 128 N. W. 97. If a board of review does not act arbitrarily or dishonestly and the evidence presented before it is sufficient to furnish any substantial basis for the valuation found by the board, its decision will not be disturbed. *State ex rel. Kimberly-Clark Co. v. Williams*, 160 Wis. 648, 152 N. W. 450. The review here extends only to correction of jurisdictional errors and does not include mere errors of judgment as to the preponderance of the evidence. *State ex rel. Edward Hines L. Co. v. Fisher*, 129 Wis. 57, 108 N. W. 206. Upon *certiorari* to a nonjudicial body such as a board of review, the court will review the evidence only so far as to ascertain if there is reasonable ground for belief that the decision is the result of honest judgment, in which case it will not be disturbed. *State ex rel. N. C. Foster L. Co. v. Williams*, 123 Wis. 61, 100 N. W. 1048; *State ex rel. Vilas v. Wharton*, 117 Wis. 558, 94 N. W. 359. This court will review the proceedings to ascertain whether such body has kept within its jurisdiction and whether such board acted upon competent evidence sufficient to give it jurisdiction. *State ex rel. Wood Co. v. Dodge County*, 56 Wis. 79, 13 N. W. 680. The presumptions are all in favor of the rightful action of such board. The assessor's valuation of property is *prima facie* correct and is binding upon the board of review in the absence of evidence showing it to be incorrect. *State ex rel. Kimberly-Clark Co. v. Williams*, 160 Wis. 648, 152 N. W. 450." *State ex rel. Pierce v. Jodon* (1924), 182 Wis. 645, 647, 648, 197 N. W. 189.

In addition, failure to make the assessment on the statutory basis is an error of law and correctable by the courts on certiorari. *State ex rel. Garton Toy Co. v. Mosel* (1966), 32 Wis. 2d 253, 145 N. W. 2d 129. If the trial court finds upon the undisputed evidence before the board that the assessment has not been fixed upon the statutory basis, the assessment should be set aside. *Garton Toy Co., supra; Central Cheese Co. v. Marshfield* (1961), 13 Wis. 2d 524, 109 N. W. 2d 75.

In the trial court at least, Hazel Boostrom contended that the 1964 assessment of her real estate, including the improvements, was in excess of its fair market value.

The trial court in finding that the assessment was illegal as to the Boostrom property relied on two exhibits offered by respondent, Boostrom, which indicate the value of the property was $37,000. Based on the 50 percent assessment policy, the property would be expected to be assessed at $18,500. Yet, the property, land and improvements were assessed at $34,400, which would indicate a value of $68,800.

Appellant states that the evidence as to the Boostrom property, $37,000, is totally misleading because the property referred to in the exhibits is not the Boostrom property but that of Mildred Nelson, and is located on the other side of the lake from Boostrom's.

The exhibits, objectors' Nos. 7 and 8, make no reference to Hazel Boostrom. In fact, the appraisal, Exhibit No. 7, refers to property on the north side of lake Geneva; whereas the Boostrom property is located on the south side of the lake.

Respondent Boostrom made no attempt to challenge appellant's contention on appeal. It appears that the trial court relied on exhibits which were immaterial to the question of the value of the Boostrom property. There is, therefore, no evidence to rebut the value placed on the property by the assessor, Mr. Palmer.

The country club was assessed as residential property, and it is zoned Residential "A." The respondent country club contends that the property should have been classified as farmland even though it is being used as a golf course and country club. Respondents' expert witness testified that as farmland the property would sell at between $275 to $300 per acre.

Respondents rely on *State ex rel. Oshkosh Country Club v. Petrick* (1920), 172 Wis. 82, 178 N. W. 251. The court in that case, however, did not hold that country clubs are to be classified as farmland, but found that the only purpose for which the land in question could be sold was as farmland because there was no market for golf courses in Oshkosh at the time and place and all the adjoining land was agricultural. There is no evidence here that the respondents' property could be sold only as farmland. On the contrary, the land adjacent to the golf course on both sides had been subdivided for residential use.

There being no other evidence as to the value of the property, the trial court correctly concluded that the respondent, Lake Geneva Country Club, had failed to meet its burden of proof.

It is the contention of both respondents that the residential real estate as a class was assessed at an unequal and higher rate than agricultural property and that it was not assessed upon a statutory standard.

Pursuant to the constitutional mandate [5] this court has consistently held that property taxes must be uniform.

In *Marsh v. Supervisors of Clark County* (1877), 42 Wis. 502, 509, Mr. Chief Justice RYAN, speaking for the court, stated:

"Here, the exercise of the taxing power must be upon a uniform rule; and it is only upon an equal assessment, as the foundation of uniform apportionment, that the

---

[5] Wisconsin Constitution, art. VIII, sec. 1.

taxing power can be put in operation. The statutes of the states generally provide for assessment, as 'an official estimate of the sums which are to constitute the basis of an apportionment of a tax between the individual subjects of taxation;' and, when they so provide, the assessment becomes an essential part of the process in the collection of taxes. Cooley on Tax., ch. XII. But, under our constitution, the assessment is not only an essential part of the process, but seems to be jurisdictional. For in no other way does it appear possible to collect taxes upon property by uniform rule. Indeed, the constitution so clearly implies uniform assessment of values as an essential prerequisite to taxes upon property, that it is not unsafe to hold that the constitution itself makes such assessment jurisdictional. It is certainly so by statute. And such a tax, to be valid under the constitution, must proceed upon a regular, fair and equal assessment of the property to be taxed, made by the officers, in the manner and with the securities and solemnities provided by statute." [6]

From an examination of the record an analysis of the 1963 and 1964 assessments reveals an increase in both agricultural and lakefront residential properties for 1964. Agricultural land values were arbitrarily increased 40 percent. The increase in the assessment of lakeshore property was from a general $50 per foot to an "across the board" $100 per foot; an increase of 100 percent.

The relators do not complain that the $200 valuation and the $100 per foot assessment of lakeshore property is necessarily more than fair market value. Their complaint is that other factors such as the depth of the particular parcels of land, the characteristics of the land itself, and the favorableness of its location, all factors affecting value, were totally disregarded. Their further

---

[6] *See also Knowlton v. Supervisors of Rock County* (1859), 9 Wis. 378, 449 (*410, *420); *Chicago & N. W. Ry. v. State* (1906), 128 Wis. 553, 608, 108 N. W. 557; *Yawkey-Bissell Corp. v. Langlade* (1952), 261 Wis. 524, 527, 53 N. W. 2d 174; *State ex rel. Baker Mfg. Co. v. Evansville* (1952), 261 Wis. 599, 609, 53 N. W. 2d 795; *Barnes v. West Allis* (1957), 275 Wis. 31, 81 N. W. 2d 75.

complaint is that there is a general under-assessment of agricultural land, as contrasted to residential property and especially lakeshore residential property, which results in an unequal and inequitable property tax burden.

The appellant contends that the evidence as to the comparative values of agricultural and lake properties was insufficient because properties selected for the comparison did not make up a representative sample. It argues that the number of properties selected was too small to make the sample representative. (About 4.2 percent.)

It is not clear whether the parcels selected were in fact representative. The attorney for the town board indicated that it would be proper to question the assessor on properties not directly related to the suit. It is not known if the properties were randomly selected or selected to prove a point; namely, that the assessor did not take recent sales into account in arriving at his assessment, or did not recall whether he had done so.

The properties selected were both agricultural and residential, and included those vacant, occupied or fallow. Counsel for the town board balked at the idea of discussing each and every parcel of land. The entire statistical report of the supervisor of assessments was introduced without objection and, to save time, a number of properties were selected and compared.

The trial court took no notice of the statistical report, which the appellant now claims to be inconclusive and without weight.

The trial court, instead, took judicial notice of the State Department of Taxation figures, *Bauermeister v. Alden* (1962), 16 Wis. 2d 111, 113 N. W. 2d 823, which indicated that all the taxable property of the town for 1964 was 41.61 percent of full value, the assessment value of all residential property was 44.26 percent of full value, and that of agricultural property was 31.57 percent of full value. The trial court concluded that

the divergence between agricultural and lakeshore property of the residential class was even greater because of the $200 per foot valuation.

The assessor admitted that farmland had not been reassessed. He merely took the old assessment and added 40 percent thereto. Also, lakefront property was assessed at 50 percent of full value, that value not being dependent on the depth of the property, its location and, in some cases, on its sale price.

Thus, even though the assessor had made an actual view of each property it did not materially affect his conclusion concerning the value of the properties, for the value was determined solely by measuring the shoreline.

It is clear that the reassessment for 1964 was not made upon the statutory basis as set forth in sec. 70.32, Stats.,[7] and that there was a pattern of unequal under-assessment of agricultural land as contrasted to residential land. This under-assessment was substantial enough to result in an unequal burden of property taxation in violation of the uniformity clause of art. VIII, sec. 1, Wisconsin Constitution.

The relators' objections to the assessment for 1964 are valid and they are entitled to a reassessment.

*By the Court.*—Judgment affirmed.

---

[7] The fact that none of the property in town was assessed at full or fair market value does not constitute an unequal burden of taxation unless it can be shown there was an unequal under-assessment. *See State ex rel. Walthers v. Jung* (1921), 175 Wis. 58, 183 N. W. 986, and *State ex rel. Reiss v. Board of Review* (1965), 29 Wis. 2d 246, 253, 138 N. W. 2d 278.