SHIRLEY S. ABRAHAMSON, C.J.
¶ 1. This is a review of an unpublished decision of the court of appeals affirming an order of the circuit court for Outagamie County, Michael W. Gage, Judge.[1] In a certiorari review, the circuit court affirmed the Town of Black Creek Board of Review's assessment of taxpayer Frank J. Sausen's real property for purposes of real estate taxation.[2] The court of appeals summarily affirmed the order of the circuit court. We affirm the decision of the court of appeals.
¶ 2. The issue presented is whether the town board of review erred in refusing to lower the assessment of the taxpayer's real property. The town assessor valued the property at $27,500, classified the property as "productive forest land," and assessed the property at $27,500. The taxpayer does not challenge the assessor's valuation of the property. The taxpayer challenges the assessment on the ground that the assessor's classification of the property is erroneous.
¶ 3. The assessor's classification of the property directly affects the assessment in the present case: Property classified as "productive forest land" *580 under Wis. Stat. § 70.32(2)(a) and (c)2. (2011-12)[3] is assessed at full value; property classified as "undeveloped land" is assessed at 50 percent of its full value.[4] The taxpayer claims that the board should change the classification of the property to "undeveloped land" under Wis. Stat. § 70.32(2)(c)4. and that the property, properly classified as undeveloped land, should be assessed at $13,750, that is, at 50 percent of the full value of $27,500.
¶ 4. The taxpayer in the present case appeals a determination of the board of review under Wis. Stat. § 70.47(13), which provides that an "appeal from the determination of the board of review shall be for an action for certiorari... ."[5] Accordingly, this court's review of the board's determination of the assessment and classification of the property is by certiorari review.
*581 ¶ 5. In certiorari review, this court reviews a decision of the board of review under Wis. Stat. § 70.47(13), not the decisions of the circuit court or court of appeals. This court reviews a decision of the board of review in the same manner as the circuit court and court of appeals, benefiting from their analyses. Waste Mgmt. of Wis., Inc. v. Kenosha Cty. Bd. of Review, 184 Wis. 2d 541, 554, 516 N.W.2d 695 (1994).
¶ 6. In a certiorari review, the court is confined to determining whether the board's actions were:
(1) within its jurisdiction;
(2) according to law;
(3) arbitrary, oppressive, or unreasonable and represented its will and not its judgment; and
(4) supported by evidence such that the board might reasonably make the order or determination in question.[6]
¶ 7. The taxpayer's argument in the present case centers on the fourth element of certiorari review, namely that the board's determination to adopt the *582 assessor's classification of the property is not supported by evidence such that the board might reasonably make the determination in question.
¶ 8. The taxpayer argues that he does not have the burden to prove the classification and by extension, the assessment, erroneous; that the board, the circuit court, and the court of appeals imposed that burden of proof on him, erroneously according a presumption of correctness to the assessor's classification of the property; and that the board erroneously concluded that the taxpayer did not carry his burden at the board hearing. The taxpayer asks the court to remand the matter to the board so that it can determine the correct assessment without imposing on the taxpayer the burden of proving the classification erroneous.
¶ 9. The statutes do not state whether the taxpayer challenging an assessment (or classification) has the burden of proving at the board hearing that the assessment (or classification) is incorrect.
¶ 10. Upon considering the general rule of law regarding burden of proof, the statutes, and the case law, we conclude that the taxpayer challenging an assessment and classification has the burden of proving at the board hearing that the assessment and classification of property are erroneous; that the taxpayer did not meet his burden of proof; and that the board's determination to maintain the assessment is supported by a reasonable view of the evidence. We therefore affirm the decision of the court of appeals.
¶ 11. The following facts are not in dispute for purposes of this review. Frank Sausen, the taxpayer, owned a 10-acre plot of property at W5930 County Road A, parcel number 010064400, in the Town of Black Creek, Outagamie County, Wisconsin. He used *583 the property for occasional hunting. The property has not been used to produce commercial forest products.
¶ 12. In early November 2009, the taxpayer was notified that the assessment of his property had increased from $11,000 in 2008 to $27,500 in 2009. The increase in assessment in 2009 resulted from an increase in the assessor's valuation of the property, not a change in classification.[7]
¶ 13. Pursuant to Wis. Stat. § 70.32, the 2009 assessment roll included the assessor's valuation of the property at $27,500 as well as the assessor's classification of the property as "low grade woods."
¶ 14. According to the Wisconsin Property Assessment Manual, "low grade woods" is a permissible subset of "productive forest land."[8] "Productive forest land" is defined in Wis. Stat. § 70.32(2)(c)2. as "land that is producing or is capable of producing commercial forest products and is not otherwise classified under this subsection."[9]
*584 ¶ 15. Before we examine the issues of burden of proof and the presumption of the correctness of the assessor's classification of the property, we describe the statutory methodology for creating an assessment for real estate taxation. Wisconsin Stat. § 70.32 establishes a three-part methodology for creating an assessment: First, an assessor assigns the property a "valuation" — a value of the property to be assessed based on the statutory requirements in Wis. Stat. § 70.32 and the Wisconsin Property Assessment Manual.[10] The Wisconsin Property Assessment Manual at 7-7 through 7-8 explains that the legislature has established value standards for different classes of properties. Value may thus be affected by the classification of the property.[11]
¶ 16. Second, "the assessor, having fixed a value," "segregates" the property into a "class" under the statutes.[12] The legislature has established eight classes: residential, commercial, manufacturing, agricultural, undeveloped, agricultural forest, productive forest land, and other. See Wis. Stat. § 70.32(2).
¶ 17. Third, certain classes, notably agricultural forest land and undeveloped land, are assessed at a percentage of full value. Undeveloped land "shall be assessed at 50% of its full value," with the value determined as set forth in the first step described above. See Wis. Stat. § 70.32(4).
*585 ¶ 18. This case involves a challenge to an assessment, based on a challenge to classification. Although Wis. Stat. § 70.32 sets forth a methodology for determining an assessment and uses the word "assessment" often, the word is not defined. The words "assessment" and "assessed value" are set forth in the glossary of terminology in the Wisconsin Property Assessment Manual to mean "a dollar amount assigned to the taxable property ... by the assessor for the purpose of taxation." The Manual states that "the levy is applied directly against it [the assessment] to determine the tax due."[13]
¶ 19. We begin our discussion of whether the taxpayer has the burden of proof regarding the classification of property by enunciating the general rule of law that "a party seeking judicial process to advance his position carries the burden of proof."[14] A board of review is a quasi-judicial body to which this general rule governing burden of proof applies.[15] Applying this rule to the present case means the taxpayer has the burden of proof.
¶ 20. The taxpayer argues that this general rule governing the burden of proof does not apply to him because the statute is silent about the burden of proof and the statutes accord a presumption of correctness *586 only to the assessor's valuation, not to the assessor's classification or assessment. The taxpayer recognizes, as we do, that the concepts of burden of proof and presumption of correctness are intertwined. "The concept of a 'presumption' is very familiar in the law, and it is closely related to the concept of a 'burden.'" Ottman v. Town of Primrose, 2011 WI 18, ¶ 50, 332 Wis. 2d 3, 796 N.W.2d 411.
¶ 21. Although our initial impression is that the general rule assigning the challenging party the burden of proof applies in the present case, we examine the statutes and the case law to inform us further.
¶ 22. Support for applying this general rule allocating the burden of proof to the taxpayer challenger is found in Wis. Stat. § 70.47(7). The statute places a burden on a taxpayer who objects to a valuation to present evidence to the board in support of the objection. This provision adopts the general rule placing the burden of proof on the taxpayer to put on an affirmative case in his or her favor before the board:
Wis. Stat. § 70.47(7)(a) Objections to valuations.... No person shall be allowed in any action or proceedings to question the amount[16] or valuation of property unless such written objection has been filed and such person in good faith presented evidence to such board in support of such objections and made full disclosure before said board, under oath of all of that person's property liable to assessment in such district and the value thereof (footnote added).
¶ 23. We acknowledge that the title of Wis. Stat. § 70.47(7)(a) is "Objections to valuations" and that *587 (7) (a) addresses a taxpayer's objection to a valuation. Nevertheless, several subsections of § 70.47(7) refer to and govern challenges to assessments. It is apparent from reading § 70.47(7) in its entirety that the words "valuation" and "assessment" are being used interchangeably in several instances.
¶ 24. Section 70.47 is a long statute with many subsections. The section is entitled "Board of review proceedings" and addresses board proceedings that involve both objections to the valuation and objections to the assessment. Nothing in § 70.47(7) specifically addresses a board's proceedings when an objection is made to a classification of property. Because an assessment involves a classification as well as a valuation, it makes sense to treat § 70.47(7) as governing a board's proceedings regarding challenges to the valuation, classification, or assessment unless the substance of a provision requires a different approach. There is no apparent reason to treat the taxpayer's burden of proof in a challenge to classification differently from the taxpayer's burden of proof in a challenge to a valuation or an assessment.
¶ 25. Furthermore, Wis. Stat. § 70.47(8) governing a hearing before the board "in relation to the assessment" informs our decision about the taxpayer's burden of proof on the issue of classification. Section 70.47(8)(b) provides that the taxpayer shall be heard first at the board hearing. The party with the burden of proof ordinarily presents first. Because an assessment is based on the classification, this provision in § 70.47(8) applying to a challenge to an assessment should be read to apply to an objection to a classification.
¶ 26. In addition, § 70.47(8)(i) explicitly provides that a board shall presume that the assessor's valuation *588 is correct but that the presumption may be rebutted by a sufficient showing by the objector that the valuation is incorrect. Again the statutory language is limited to valuations and is silent about a presumption of correctness regarding the assessor's classification: "The board shall presume that the assessor's valuation is correct. That presumption may be rebutted by a sufficient showing by the objector that the valuation is incorrect." Wis. Stat. § 70.47(8)(i).
¶ 27. This presumption language was added to Wis. Stat. § 70.47(8)(i) in 1997.[17] Although the presumption language in Wis. Stat. § 70.47(8)(i) limits the presumption of correctness to the assessor's valuation, we must read § 70.47(8) (i) in the context of the contemporaneous amendment adding § 70.47(8)(h) requiring the assessor to "provide to the board specific information about the validity of the valuation . .. and information that the assessor used to determine that valuation." The presumption in § 70.47(8)(i) reinforces the burden of proof imposed in § 70.47(7) on the taxpayer who objects to valuation to show at the board hearing that the valuation is erroneous. Even though the assessor must provide specific information to the board regarding the valuation, the burden of proof to show error in the assessor's valuation remains on the taxpayer.
¶ 28. Our interpretation of Wis. Stat. § 70.47(7) and (8) to support imposing the burden of proof on the taxpayer challenging the assessment or classification at the board is reinforced by § 70.47(9), which directs the board how and when to correct an assessment. Section 70.47(9) provides that a board shall raise or lower an assessment "if the assessment is too high or too low" *589 and "shall state on the record the correct assessment and that that assessment is reasonable in light of all the relevant evidence the board received." Wis. Stat. § 70.47(9)(a).
¶ 29. Although Wis. Stat. § 70.47(9)(a) is silent about whether the taxpayer has the burden of proof in challenging the correctness of the classification, Wis. Stat. § 70.47(9) (a) explicitly states that if the vote at the board is a tie vote on the objection to the assessment, the assessment will be sustained. The legislature has thus declared that if the party who seeks to raise or lower the assessment fails to persuade a majority of the board that the assessment is incorrect, that party loses. In this way, § 70.47(9)(a) makes it absolutely clear that the burden of persuasion is on the taxpayer to show that an assessor's assessment is erroneous. Because an assessment depends on a valuation and a classification, it makes sense to apply the same burden of proof to a taxpayer's challenge to a classification as is applied to a taxpayer's challenge to an assessment.
¶ 30. Finally, our position is supported by Wis. Stat. § 74.37. Under this statute, when a taxpayer uses this procedure in circuit court to challenge an assessment as excessive, the circuit court reviews the board's determination de novo, giving "no deference to the Board of Review's decision."[18] Nevertheless, "the underlying assessment still carries a presumption of correctness."[19] When the legislature provides that an underlying assessment carries a presumption of correctness when the board's determination is reviewed de novo by *590 a court, it seems logical to infer that when a more limited certiorari judicial review of a board's determination takes place, the burden is on the taxpayer to prove that an assessor's assessment is erroneous.
¶ 31. The historical understanding of earlier, similar versions of the statutes bolsters our interpretation of the present statutes as placing the burden of proof on the- taxpayer to prove that the assessor's classification is erroneous.
¶ 32. As far back as 1883, the court declared that under the statutes then in effect a person objecting to an assessment had to take the initiative and produce testimony showing that the assessment was too high. See Shove v. City of Manitowoc, 57 Wis. 5, 7, 8, 14 N.W 829 (1883). Furthermore, the court noted that the statute provided that a board of review was authorized to increase or lessen the assessment "only upon being 'satisfied from the evidence taken' that it is too high or too low." Shove, 57 Wis. at 8. The Shove court concluded that the statute was enacted to prevent the board from arbitrarily increasing or decreasing an assessment "without evidence or testimony and merely to satisfy their own notions of justice or some opinions based, perchance, upon some casual statement made by some citizen in good faith or otherwise." Shove, 57 Wis. at 8.
¶ 33. The Shove case has since been cited for the proposition that, absent sufficient evidence, a board cannot change an assessment.
¶ 34. State ex rel. Giroux v. Lien, 108 Wis. 316, 317-18, 84 N.W 422 (1900), cited Shove as supporting the proposition that an assessor's valuation stands before the board as prima facie correct and declared that "the assessment needs no support by evidence in *591 the first instance, but must stand, unless shown to be incorrect by reasonably direct and unambiguous evidence" (emphasis added).
¶ 35. Subsequently, State ex rel. Foster v. Williams, 123 Wis. 73, 75, 100 N.W. 1052 (1904), cited Giroux for the proposition that an objecting taxpayer "had no right to have [the true assessment] reduced, except upon evidence reasonably tending to show that it was excessive . . . ."[20]
¶ 36. The court has stated that a landowner must overcome "the prima facie presumption in favor of the original assessment." State ex rel. Vilas v. Wharton, 117 Wis. 558, 562, 94 N.W 359 (1903) (emphasis added). In State ex rel. Kimberly-Clark Co. v. Williams, 160 Wis. 648, 651, 152 N.W 450 (1915), the court declared that "[t]he assessment of the relator's property made by the assessor was prima facie correct and was binding on the board of review in the absence of evidence showing it to be incorrect" (emphasis added). The court has also noted that "it is . . . the law that the assessment made by the local assessor is prima facie correct." Peninsular Power Co. v. Wisconsin Tax Comm'n, 195 Wis. 231, 234, 218 N.W 371 (1928).
¶ 37. Thus, on the basis of the general principle regarding which party has the burden of proof; the text of Wis. Stat. §§ 70.47(7)(a), 70.47(8)(i), 70.47(9), and *592 74.32; and the case law, we conclude that a taxpayer who objects to an assessment on the basis of the classification of the property has the burden of proving that the classification is erroneous.
¶ 38. We now examine the record before the board to determine whether the board erred in refusing to reduce the assessment. In reviewing a determination of a board of review, "[t]he presumptions are all in favor of the rightful action of the board." Darcel v. Manitowoc Bd. Of Review, 137 Wis. 2d 623, 626, 405 N.W.2d 344 (1987) (quoting State ex rel. Boostrom v. Bd. of Review, 42 Wis. 2d 149, 155, 166 N.W.2d 184 (1969)).[21]
¶ 39. To support his argument that the board erred in refusing to reduce the assessment and his contention that the classification of the property should be changed from "productive forest land" to "undeveloped land," the taxpayer produced and relied on two maps: one issued by the Wisconsin Department of Natural Resources (DNR) and the other issued by the United States Department of the Interior Geological Survey. "Undeveloped land" is defined by Wis. Stat. § 70.32(2)(c)4. as "bog, marsh, lowland brush, uncultivated land zoned as shoreland ... or other nonproductive lands not otherwise classified under this section."
*593 ¶ 40. The DNR map shows an aerial view of the property in question with different shading for different geographical descriptions; the property at issue is described as "forested wetlands."
¶ 41. On the basis of these maps, the taxpayer argued that the assessor's classification was erroneous and that the maps supported his view that the property's being "marsh," "swamp," or "wetlands" prevented the property from being classified as "productive forest land." He asserted that the maps more accurately described his property as "undeveloped land" than as "productive forest land."
¶ 42. The town assessor disputed the taxpayer's assertions at the hearing, claiming that the aerial map showed that the property was "pretty much all trees." The town assessor stated that both maps described the property as "forested" or "wooded," supporting the classification of the property as "low-grade woods."
¶ 43. The burden fell on the taxpayer to show that the board erred and that the property was undeveloped land and not "productive forest land." The taxpayer failed to submit evidence that the property is not capable of producing commercial forest products or that the property failed to qualify as low-grade woods. The taxpayer relied entirely on the two maps to show that the property was "undeveloped land." The maps supported none of the taxpayer's contentions. The maps did not support the taxpayer's contentions that the board erred; that the property was improperly classified as productive forest land; or that the property should be reclassified as undeveloped land. The Wisconsin Property Assessment Manual notes that an aerial photograph showing the presence of trees can indicate forest classification and the presence of constantly wet soil *594 can indicate undeveloped land classification.[22] The taxpayer thus furnished no evidence that the assessment was not fixed upon the statutory basis.
¶ 44. In their discussion, members of the board noted that some of the property was "swampland," but that the property had "a lot of trees on it." The members of the board concluded that the classification should be maintained as-is.
¶ 45. The circuit court held that the evidence provided by the taxpayer was insufficient to meet his burden of proof. Rather, the totality of the evidence was such "that it might reasonably sustain the Board's determination." The court of appeals also held that the taxpayer failed to make a record showing that the classification was incorrect.
¶ 46. On certiorari review, a court does not retry the facts and an assessment must be upheld if it can be supported by any reasonable view of the evidence.[23] This court "will review the evidence only so far as to ascertain if there is reasonable ground for belief that the decision [of the board of review] is the result of honest judgment, in which case it will not be disturbed."[24]
¶ 47. The taxpayer's argument in the present case centers on the fourth element of certiorari review, namely that the board's determination to adopt the *595 assessor's classification of the property is not supported by evidence such that the board might reasonably make the determination in question. We conclude that the board's determination is supported by a reasonable view of the evidence. The taxpayer here failed to meet his burden to present evidence justifying the board's overturning the assessment. In light of all relevant evidence that the board received, the board could reasonably conclude that the taxpayer did not demonstrate that the classification was incorrect and that the assessment should be lowered.
¶ 48. For the reasons set forth, we affirm the decision of the court of appeals.
¶ 49. By the Court. — The decision of the court of appeals is affirmed.

 Sausen v. Town of Black Creek Bd. of Review, No. 2010AP3015, unpublished slip op. (Wis. Ct. App. Nov. 6, 2012).

 Wis. Stat. § 70.47(13) ("Except as provided in this subsection and in ss. 70.85 and 74.37, appeal from the determination of the board of review shall be by an action for certiorari.. ..").

 All subsequent references to the Wisconsin Statutes are to the 2011-2012 version unless otherwise noted.

 Wis. Stat. § 70.32(4) ("[Ujndeveloped land shall be assessed at 50% of its full value .. ..").
The Wisconsin Property Assessment Manual at 12-2 (rev. eff. 1/09) advises: "After determining the full value of the 'Undeveloped land' in accordance with sec. 70.32(1), state case law, and professionally accepted appraisal practices, the value is reduced by 50% under sec. 70.32(4)."
The Manual is relevant to our discussion because the legislature has instructed that the Manual sets forth "guidelines" and is published by the Department of Revenue to "discuss and illustrate accepted assessment methods, techniques and practices with a view to more nearly uniform and more consistent assessments of property at the local level." Wis. Stat. § 73.03(2a).
The Manual is cited for its persuasive value; it cannot supersede the statute.

 A taxpayer may challenge an assessment under other statutes.
Section 70.85 allows a taxpayer to challenge an assessment by filing with the Department of Revenue. "Appeal of a deter *581 mination of the department of revenue shall be by an action for certiorari in the circuit court...." Wis. Stat. § 70.85(4)(c).
Section 74.37 governs a taxpayer's claim in court to recover a general property tax imposed because the assessment of property was excessive. The court proceeding is not a certiorari review; it is a de novo proceeding. In a Wis. Stat. § 74.37 court proceeding, "the assessor's assessment is presumed correct if the challenging party does not present significant contrary evidence." Bloomer Housing Ltd. P'ship v. City of Bloomer, 2002 WI App 252, ¶ 11, 257 Wis. 2d 883, 653 N.W.2d 309.

 State ex rel. Stupar River LLC v. Town of Linwood Portage Cnty. Bd. of Review, 2011 WI 82, ¶ 16, 336 Wis. 2d 562, 800 N.W.2d 468.

 The assessment notice sent to the taxpayer states that the "reason for change" was "[i]ncrease due to revaluation." Town of Black Creek Board of Review, Notice of Assessment — Frank Sausen, W5930 County Rd A, Black Creek WI 54106 (Nov. 4, 2009). Additionally, the prior assessment of $11,000 is congruent with the prior Town of Black Creek Land Values, which valued low-grade forest at $1,100 per acre. The 2009 Town of Black Creek Land Values valued low-grade forest at $2,750 per acre.

 Within the classification of "productive forest land," as provided by Wis. Stat. § 70.32(2)(c)2., the Wisconsin Property Assessment Manual advises assessors to further create subclassifications of productive forest land based on the species, size, volume, and stocking density of trees on the property. See 1 Wisconsin Property Assessment Manual at 12-3 to 12-10 (rev. eff. 1/09).

 The Wisconsin Property Assessment Manual notes that "[florested areas primarily held for hunting, trapping, or in the *584 operation of game preserves, should be classified as forest unless clearly operated as commercial enterprise or exempt." 1 Wisconsin Property Assessment Manual, 5-45 (rev. eff. 1/09).

 "Real property shall be valued by the assessor in the manner specified in the Wisconsin property assessment manual provided under s. 73.03(2a)...." Wis. Stat. § 70.32(1).

 For example, the value standard for agricultural land is use value. 1 Wisconsin Property Assessment Manual 7-6 to 7-7 (rev. eff. 1/09).

 Wis. Stat. § 70.32(2)(a).

 1 Wisconsin Property Assessment Manual G-l (rev. eff. 1/09).

 Loeb v. Bd. of Regents, 29 Wis. 2d 159, 164, 138 N.W.2d 227 (1965).

 "A Board of Review is a quasi-judicial body that hears evidence to adduce whether an assessor's valuation is correct." Metro. Assocs. v. City of Milwaukee, 2011 WI 20, ¶ 7, 332 Wis. 2d 85, 796 N.W.2d 717 (2011) (citing Nankin v. Vill. of Shorewood, 2001 WI 92, ¶ 18, 245 Wis. 2d 86, 630 N.W.2d 141).

 The word "amount" has been interpreted to refer to the amount of property, that is, part or all of the property. Clear Channel Outdoor, Inc. v. City of Milwaukee, 2011 WI App 117, ¶ 8, 336 Wis. 2d 707, 805 N.W.2d 582.

 1997 Wis. Act 237, § 279m.

 Metro. Assocs. v. City of Milwaukee, 2011 WI 20, ¶ 10, 332 Wis. 2d 85, 796 N.W.2d 717.

 Id. (citing Wis. Stat. § 70.49(2)).

 Shove v. City of Manitowoc, 57 Wis. 5, 14 N.W 829 (1883), and State ex rel. Foster v. Williams, 123 Wis. 73, 75, 100 N.W 105 (1904), involved a tax on personal property, but the principles stated therein are applicable to taxation of real property. Fond du Lac Water Co. v. City of Fond du Lac, 82 Wis. 322, 52 N.W 439 (1892) (holding that, both as to real and personal property, a board of review cannot arbitrarily increase the valuation of the assessor without proof being furnished).

 In reviewing a municipality's decision on certiorari, Wisconsin courts have repeatedly stated that there is a presumption of correctness and validity to a municipality's decision. Nowell v. City of Wausau, 2013 WI 88, ¶ 24, 351 Wis. 2d 1, 838 N.W.2d 852.
The person challenging the municipality's decision, here the taxpayer, bears the burden to overcome the presumption of correctness of the board's decision. Ottman v. Town of Primrose, 2011 WI 18, ¶ 50, 332 Wis. 2d 3, 796 N.W.2d 411.

 1 Wisconsin Property Assessment Manual at 11-33 (eff. 1/09).

 ABKA Ltd. P'ship v. Bd. of Review, 231 Wis. 2d 328, 335, 603 N.W.2d 217 (1999).

 State ex rel. Boostrom v. Bd. of Review, 42 Wis. 2d 149, 155, 166 N.W.2d 184 (1969) (quoting State ex rel. N.C. Foster Lumber Co. v. Williams, 123 Wis. 61, 64, 100 N.W. 1048 (1904)).