REBECCA FRANK DALLET, J. (concurring).
*697 ¶48 I agree with the majority that a business purpose is not required for land to be classified as "agricultural land" for property tax purposes and that the decision of the court of appeals should therefore be affirmed. I disagree, however, with the majority's conclusion that this court *848 may classify the two lots at issue as "agricultural land" as a matter of law.
¶49 The statute governing this court's review of the instant case states, in relevant part:
If the court on the appeal finds any error in the proceedings of the board which renders the assessment or the proceedings void, it shall remand the assessment to the board for further proceedings in accordance with the court's determination and retain jurisdiction of the matter until the board has determined an assessment in accordance with the court's order.
Wis. Stat. § 70.47(13) (emphasis added).
¶50 The statute is unambiguous. The majority determined, and I agree, that the Board of Review for the Town of Delafield acted in error because it based its decision on the belief that a business purpose was required in order to classify land as "agricultural land" for property tax purposes. Pursuant to Wis. Stat. § 70.47(13), the assessment is therefore void and must be remanded to the Board for a new assessment, including a redetermination of the appropriate classification for the two lots.
¶51 An assessment begins by properly classifying the land to be assessed. The assessment process, as described by the Wisconsin Property Assessment Manual, requires real property to "first be classified by *698 use and then be assigned a value."[1] "Classification" of property is therefore not separate from its "assessment." Instead, they are both part of the assessment process which, in this case, is now void.
¶52 If there was any doubt about the meaning of Wis. Stat. § 70.47(13), one need only look at our cases interpreting this statute. In Nankin v. Village of Shorewood, 2001 WI 92, ¶¶ 20-21, 245 Wis. 2d 86, 630 N.W.2d 141, this court stated:
[T]he court may not conduct its own factual inquiry and may not admit any new evidence. ... The court will not make an assessment of the property; instead, if it finds any error that renders the assessment void, the court must set aside the assessment and remand to the board for further proceedings. (Emphasis added.)
Further, in Waste Mgmt. of Wisconsin, Inc. v. Kenosha Cty. Bd. of Review, 184 Wis. 2d 541, 566, 516 N.W.2d 695 (1994), we emphasized that:
A court's function is not to make an assessment of the real estate or to substitute its judgment for that of a board of review. Instead, a court's duty is to set aside a board of review's determination if it finds upon the undisputed evidence that the assessment was not established in accordance with [ Wis. Stat. §] 70.32(1)....
¶53 By declaring as a matter of law that the two lots are entitled to be classified as "agricultural land" for property tax purposes, the majority exceeds the statutorily limited judicial review procedures applicable to certiorari review. As we have previously declared:
*699 "[o]n certiorari review, a court does not retry the facts ...." Sausen v. Town of Black Creek Bd. of Review, 2014 WI 9, ¶ 46, 352 Wis. 2d 576, 843 N.W.2d 39. As noted by the court of appeals, the record below includes an abundance of testimony regarding whether apple trees, pine trees intended to serve as Christmas trees, and hay were in fact planted and growing on the Ogden's property. See *849 State ex rel. Peter Ogden Family Trust of 2008 v. Board of Review for Town of Delafield, 2018 WI App 26, ¶ 25, 381 Wis. 2d 161, 911 N.W.2d 653. This court may not, as the Board and the Ogdens request, review the evidentiary record before the Board and substitute itself as the fact finder as to whether the land was "devoted primarily to agricultural use."[2] This is the job of the Board.
¶54 We have found an error in the Board's proceedings that voids the assessment. Accordingly, we are required to remand to the circuit court with instructions to remand to the Board to reassess the two lots anew, a process that includes both classification of property and assignment of a property's value.
¶55 For the foregoing reasons, I concur.
¶56 I am authorized to state that Justice ANN WALSH BRADLEY joins this concurrence.

1 Wisconsin Property Assessment Manual (2015) at 1-10; see also Wis. Stat. § 70.32(1) : "Real property shall be valued by the assessor in the manner specified in the Wisconsin property assessment manual ...."

As noted by the majority, the Board and the Ogdens both ask the court to review the record and classify the two lots as a matter of law. Majority op., ¶ 6 n.4. The Board asks us to classify the two lots as "residential" while the Ogdens assert that we should classify the two lots as "agricultural land." Id.