# Supreme Court of Wisconsin

| | |
|---|---|
| Case No.: | 2019AP1479 |

| | |
|---|---|
| Complete Title: | State of Wisconsin ex rel. City of Waukesha, |

<div style="margin-left:2em">

Petitioner-Respondent-Petitioner,

v.

City of Waukesha Board of Review,

Respondent-Appellant,

Salem United Methodist Church,

Interested Party-Respondent.

</div>

REVIEW OF DECISION OF THE COURT OF APPEALS
Reported at 395 Wis. 2d 239,952 N.W.2d 806
PDC No:2020 WI App 77 - Published)

| | |
|---|---|
| Opinion Filed: | December 21, 2021 |
| Submitted on Briefs: | |
| Oral Argument: | October 27, 2021 |

| | |
|---|---|
| Source of Appeal: | |
| Court: | Circuit |
| County: | Waukesha |
| Judge: | Michael O. Bohren |

Justices:

ANN WALSH BRADLEY, J., delivered the majority opinion for a unanimous Court.

Not Participating:

Attorneys:

For the petitioner-respondent-petitioner, there were briefs filed by *Brian E. Running*, city attorney. There was an oral argument by *Brian E. Running*.

For the respondent-appellant, there was a brief filed by *Eric J. Larson* and *Municipal Law & Litigation Group, S.C.*, Waukesha. There was an oral argument by *Eric J. Larson*.

An amicus curiae brief was filed on behalf of League of Wisconsin Municipalities by *Claire Silverman*, Madison.

**2021 WI 89**

No.  2019AP1479
(L.C. No.  2018CV1432)

STATE OF WISCONSIN          :          IN SUPREME COURT

NOTICE

**This opinion is subject to further editing and modification.  The final version will appear in the bound volume of the official reports.**

**State of Wisconsin ex rel. City of Waukesha,**

        **Petitioner-Respondent-Petitioner,**

    **v.**

**City of Waukesha Board of Review,**

        **Respondent-Appellant,**

**Salem United Methodist Church,**

        **Interested Party-Respondent.**

**FILED**

**DEC 21, 2021**

Sheila T. Reiff
Clerk of Supreme Court

ANN  WALSH  BRADLEY,  J.,  delivered  the  majority  opinion  for  a unanimous Court.

REVIEW of a decision of the Court of Appeals.  *Affirmed.*

¶1    ANN  WALSH  BRADLEY,  J.    The  petitioner,  City  of Waukesha (the City), seeks review of a published opinion of the court of appeals that reversed the circuit court's order that allowed  the  City  to  seek  certiorari  review  of  a  tax  assessment determination  of  the  City  of  Waukesha  Board  of  Review  (the

Board).[1] The court of appeals concluded instead that the City could not seek such review, reversed the circuit court's determination, and remanded to the circuit court with directions to quash the writ of certiorari and dismiss the action.

¶2 This case raises the novel question of whether the municipality itself can seek certiorari review of a determination of the municipality's board of review. The City contends that the statutory language of Wis. Stat. § 70.47 (2017-18)[2] allows it to appeal a Board determination by bringing a certiorari action pursuant to § 70.47(13). The Board, in contrast, argues that the City has no such right and that the City's participation in a tax assessment proceeding ends after the Board has made its decision.

¶3 We conclude that Wis. Stat. § 70.47 does not allow the City to seek certiorari review of a decision of the Board. Accordingly, we affirm the decision of the court of appeals.

I

¶4 The Salem United Methodist Church (the Church) owns a piece of property located within the City. In 2017, the property was assessed at a value of $51,900, but the following year the assessment was raised to $642,200. The reassessment was triggered by the Church putting the property up for sale.

---

[1] State ex rel. City of Waukesha v. City of Waukesha Bd. of Rev., 2020 WI App 77, 395 Wis. 2d 239, 952 N.W.2d 806 (reversing and remanding the order of the circuit court for Waukesha County, Michael O. Bohren, Judge).

[2] All subsequent references to the Wisconsin Statutes are to the 2017-18 version unless otherwise indicated.

Ultimately, the Church received an offer of $1,000,000 for a portion of the property.[3]

¶5   Taking exception to the increase in the assessed value of its property, the Church filed an objection.  It submitted that the value of the property should be properly assessed at $108,655.  The Church argued that the City's valuation was based on speculative future use and that it did not properly account for the undeveloped nature of the land.

¶6   At a hearing held before the Board, both the taxpayer and the City appeared as parties.  The City argued in favor of the City assessor's valuation.  After taking testimony from the assessor and a representative of the Church, the Board accepted the Church's valuation, but rounded up slightly to arrive at a value of $108,700.

¶7   The City appealed the Board's determination by seeking certiorari review in the circuit court pursuant to Wis. Stat. § 70.47(13).[4]  It argued that the Board acted contrary to law

---

[3] The property at issue consists of 23.16 acres.  Of this amount, the Church listed for sale two parcels consisting of 8.77 acres for a total asking price of $1,400,000.  The referenced offer was for a 5.27 acre parcel.

[4] Governing certiorari review of board of review proceedings, Wis. Stat. § 70.47(13) provides:

> Except as provided in s. 70.85, appeal from the determination of the board of review shall be by an action for certiorari commenced within 90 days after the taxpayer receives the notice under sub. (12).  The action shall be given preference.  If the court on the appeal finds any error in the proceedings of the board which renders the assessment or the proceedings void, it shall remand the assessment to the board for

because it failed to uphold the presumption of correctness that attaches to an assessor's valuation,[5] that the Board's determination was not supported by sufficient credible evidence, and that the Board's decision was arbitrary and unreasonable.[6]

¶8  Contending that the City's petition failed to state a claim upon which relief may be granted, the Board moved to quash the writ.  As relevant here, it asserted that the City lacks the authority under Wis. Stat. § 70.47 to appeal a decision of its own Board of Review by certiorari.  In other words, it argued that § 70.47 affords only taxpayers, and not municipalities, the ability to seek certiorari review of a board decision.

¶9  The circuit court denied the motion to quash, concluding that Wis. Stat. § 70.47 "does give the City the

---

further proceedings in accordance with the court's determination and retain jurisdiction of the matter until the board has determined an assessment in accordance with the court's order.  For this purpose, if final adjournment of the board occurs prior to the court's decision on the appeal, the court may order the governing body of the assessing authority to reconvene the board.

[5] See Wis. Stat. § 70.47(8)(i) ("The board shall presume that the assessor's valuation is correct.  That presumption may be rebutted by a sufficient showing by the objector that the valuation is incorrect."); Sausen v. Town of Black Creek Bd. of Rev., 2014 WI 9, ¶26, 352 Wis. 2d 576, 843 N.W.2d 39.

[6] On certiorari review, a court's inquiry is limited to whether the board's actions were:  (1) within its jurisdiction; (2) according to law; (3) arbitrary, oppressive, or unreasonable and represented its will and not its judgment; and (4) supported by evidence such that the board might reasonably make the order or determination in question.  State ex rel. Collison v. City of Milwaukee Bd. of Rev., 2021 WI 48, ¶20, 397 Wis. 2d 246, 960 N.W.2d 1.

ability to intervene and have a role in the writ of certiorari proceedings." Turning to the merits of the City's claims, the circuit court agreed with the City that the Church did not present sufficient evidence to overcome the presumption of correctness. It thus granted the writ of certiorari and remanded to the Board for further proceedings.

¶10 The Board appealed, and the court of appeals reversed the circuit court's order, concluding "that § 70.47(13) does not authorize the City to commence a certiorari action." State ex rel. City of Waukesha v. City of Waukesha Bd. of Rev., 2020 WI App 77, ¶2, 395 Wis. 2d 239, 952 N.W.2d 806. Accordingly, it determined that the circuit court erred in denying the Board's motion to quash and as a result did not address the merits of the City's arguments that the Board acted unlawfully, unreasonably, and contrary to the credible evidence. Id., ¶2 n.2. The City petitioned for this court's review.

II

¶11 We are called upon to review the court of appeals' determination that the circuit court erroneously denied the Board's motion to quash. "A motion to quash a writ of certiorari is in the nature of a motion to dismiss." Fee v. Bd. of Rev. for Town of Florence, 2003 WI App 17, ¶7, 259 Wis. 2d 868, 657 N.W.2d 112. Whether a motion to dismiss was properly granted or denied is a question of law this court reviews independently of the determinations rendered by the circuit court and court of appeals. Town of Lincoln v. City of Whitehall, 2019 WI 37, ¶21, 386 Wis. 2d 354, 925 N.W.2d 520.

5

¶12  In our review, we are required to interpret Wis. Stat. § 70.47.  Statutory interpretation likewise presents a question of law we review independently of the determinations of the circuit court and court of appeals.  Yacht Club at Sister Bay Condo. Ass'n, Inc. v. Village of Sister Bay, 2019 WI 4, ¶17, 385 Wis. 2d 158, 922 N.W.2d 95.

III

¶13  For context, we begin by providing background on board of review proceedings.  Subsequently, we address the question of whether the City may seek certiorari review of a Board decision under the terms of Wis. Stat. § 70.47.

A

¶14  Assessment of real property in every municipality in Wisconsin is accomplished according to the terms of ch. 70 of the Wisconsin Statutes.  Wis. Stat. § 70.05(1).  All property is valued by the municipality's assessor and reported in an assessment roll for the taxation district.  Nankin v. Village of Shorewood, 2001 WI 92, ¶17, 245 Wis. 2d 86, 630 N.W.2d 141.

¶15  Chapter 70 also "establishes a comprehensive procedure by which property owners may challenge the valuation or the amount of property assessed for taxation."  Hermann v. Town of Delavan, 215 Wis. 2d 370, 379, 572 N.W.2d 855 (1998).  "If a property owner disagrees with an assessment, the owner may file a formal objection with the municipality's board of review."  Nankin, 245 Wis. 2d 86, ¶17 (citing Wis. Stat. § 70.47(7)(a) (1997-98)).

¶16 The board of review is a quasi-judicial body that hears evidence and decides whether the assessor's valuation is correct. Id., ¶18 (citation omitted). It is not an assessing body. Id. The board presumes that the assessor's valuation is correct, but this presumption may be rebutted "by a sufficient showing by the objector that the valuation is incorrect." Wis. Stat. § 70.47(8)(i); Sausen v. Town of Black Creek Bd. of Rev., 2014 WI 9, ¶26, 352 Wis. 2d 576, 843 N.W.2d 39. If the assessment is determined to be incorrect, "the board shall raise or lower the assessment accordingly and shall state on the record the correct assessment and that that assessment is reasonable in light of all of the relevant evidence that the board received." § 70.47(9)(a).

¶17 A detailed method for appealing a decision of the board of review is provided within the statutory scheme of chs. 70 and 74. Hermann, 215 Wis. 2d at 379. Three options exist for property owners who wish to appeal a board decision: (1) certiorari review pursuant to Wis. Stat. § 70.47(13); (2) a written complaint with the Department of Revenue to revalue the property under Wis. Stat. § 70.85;[7] and (3) an excessive

---

[7] Wisconsin Stat. § 70.85 provides an alternative procedure by which a taxpayer may seek the Department of Revenue's review of a board determination in specific circumstances. Namely, pursuant to § 70.85(1),

> A taxpayer may file a written complaint with the department of revenue alleging that the assessment of one or more items or parcels of property in the taxation district the value of which, as determined under s. 70.47, does not exceed $1,000,000 is

assessment action pursuant to Wis. Stat. § 74.37.[8] <u>U.S. Oil Co., Inc. v. City of Milwaukee</u>, 2011 WI App 4, ¶15, 331 Wis. 2d 407, 794 N.W.2d 904; Thomas J. McAdams, <u>Over Assessed? Appealing Home Tax Assessments</u>, Wis. Law., July 2011, at 18-19. "Compliance with the board of review procedures is a prerequisite to all three forms of appeal and the three sections are the exclusive method for challenging an excessive assessment." <u>Reese v. City of Pewaukee</u>, 2002 WI App 67, ¶6, 252 Wis. 2d 361, 642 N.W.2d 596.

¶18 This case involves the first of these three options, a certiorari action. Certiorari is a mechanism by which a court may test the validity of a decision rendered by a municipality, administrative agency, or other quasi-judicial tribunal. <u>State ex rel. Anderson v. Town of Newbold</u>, 2021 WI 6, ¶11, 395 Wis. 2d 351, 954 N.W.2d 323 (citing <u>Ottman v. Town of Primrose</u>, 2011 WI 18, ¶34, 332 Wis. 2d 3, 796 N.W.2d 411).

¶19 On certiorari review, the reviewing court's inquiry is narrow. It is limited to the record before the board and addresses only whether the board's actions were: (1) within its jurisdiction; (2) according to law; (3) arbitrary, oppressive,

_____

radically out of proportion to the general level of assessment of all other property in the district.

[8] An action under Wis. Stat. § 74.37 is a new trial, not a certiorari action. <u>Metro. Assocs. v. City of Milwaukee</u>, 2018 WI 4, ¶23, 379 Wis. 2d 141, 905 N.W.2d 784. Such an action is not confined to the record before the board and new evidence may be presented. <u>Trailwood Ventures, LLC v. Village of Kronenwetter</u>, 2009 WI App 18, ¶7, 315 Wis. 2d 791, 762 N.W.2d 841.

or unreasonable and represented its will and not its judgment; and (4) supported by evidence such that the board might reasonably make the order or determination in question. Thoma v. Village of Slinger, 2018 WI 45, ¶10, 381 Wis. 2d 311, 912 N.W.2d 56.

B

¶20 With this background in hand, we turn next to address the specific issue in this case. The parties raise a novel question regarding whether a municipality may appeal its board of review's determination by certiorari review.

¶21 Answering this question requires us to examine the language of Wis. Stat. § 70.47, which governs board of review proceedings. When interpreting statutes, we begin with the language of the statute. State ex rel. Kalal v. Cir. Ct. for Dane Cnty., 2004 WI 58, ¶45, 271 Wis. 2d 633, 681 N.W.2d 110. If the meaning of the statute is plain, we need not inquire further. Id.

¶22 "Statutory language is given its common, ordinary, and accepted meaning, except that technical or specially-defined words or phrases are given their technical or special definitional meaning." Id. We also interpret statutory language "in the context in which it is used; not in isolation but as part of a whole; in relation to the language of surrounding or closely-related statutes; and reasonably, to avoid absurd or unreasonable results." Id., ¶46.

¶23 Wisconsin Stat. § 70.47(13) addresses certiorari review of board decisions. This subsection provides in relevant

9

part: "Except as provided in s. 70.85, appeal from the determination of the board of review shall be by an action for certiorari commenced within 90 days after the taxpayer receives the notice under sub. (12)." § 70.47(13).

¶24 The language of subsec. (13) thus guides the reader to subsec. (12), which sets forth:

> Prior to final adjournment, the board of review shall provide the objector, or the appropriate party under sub. (10),[9] notice by personal delivery or by mail, return receipt required, of the amount of the assessment as finalized by the board and an explanation of appeal rights and procedures under sub. (13) and ss. 70.85, 74.35 and 74.37. Upon delivering or mailing the notice under this subsection, the clerk of the board of review shall prepare an affidavit specifying the date when that notice was delivered or mailed.

---

[9] Pursuant to Wis. Stat. § 70.47(10), "If the board has reason to believe that property for which no objection has been raised is incorrectly assessed, the board must also review the assessment for such property and correct any error it discovers." Hermann v. Town of Delavan, 215 Wis. 2d 370, 379, 572 N.W.2d 855 (1998). Section 70.47(10) provides in relevant part:

> If the board has reason to believe, upon examination of the roll and other pertinent information, that other property, the assessment of which is not complained of, is assessed above or below the general average of the assessment of the taxation district, or is omitted, the board shall:
>
> (a) Notify the owner, agent or possessor of such property of its intention to review such assessment or place it on the assessment roll and of the time and place fixed for such hearing in time to be heard before the board in relation thereto, provided the residence of such owner, agent or possessor be known to any member of the board or the assessor.

¶25 The Board argues, and the court of appeals agreed, that the above language gives the taxpayer exclusively, and not the City, the authority to seek certiorari review of a Board decision.  Specifically, the Board asserts that the trigger for filing a certiorari action contained in Wis. Stat. § 70.47(13) is the receipt of notice by the taxpayer.  In contrast, § 70.47(13) does not, according to the Board, include any trigger for the City to file a certiorari action or even any requirement that the City receive notice of a Board decision.

¶26 On the other hand, the City contends that subsec. (13) addresses only when certiorari review may be sought, not who may seek it.  In other words, the City asserts that nothing in Wis. Stat. § 70.47(13) grants any right to appeal whatsoever, and that instead it only ensures that the taxpayer is aware of a right to appeal and fixes the timing of the notice that must be sent.  The fact that § 70.47(13) mentions the taxpayer only and not the City is of no moment, according to the City, because the City will be aware of the clerk's affidavit referenced in subsec. (12) and will use the affidavit to determine the date the notice was delivered and calculate the appeal deadline.

¶27 For additional support, the City points to Wis. Stat. § 70.47(11), which provides:  "In all proceedings before the board the taxation district shall be a party in interest to secure or sustain an equitable assessment of all the property in the taxation district."  See Wis. Stat. § 70.045 (defining a "taxation district" as "a town, village or city in which general property taxes are levied and collected").  In the City's view,

it would not be a reasonable reading of the statute to conclude that the City has a protectable interest before the Board, but it does not maintain that interest after the Board makes its decision. The City advances that such a reading of § 70.47(11) would render its interest illusory.

¶28 Synthesizing the text of subsecs. (11), (12), and (13), we agree with the Board's argument.[10] Beginning with Wis. Stat. § 70.47(13), that subsection provides that "appeal from the determination of the board of review shall be by an action for certiorari commenced within 90 days after the taxpayer receives the notice under sub. (12)." What is notable about subsec. (13) for our analysis is that it conditions the appeal deadline on when notice is received <u>by the taxpayer</u>. There is nothing in the statute that triggers the 90-day period for the City. We also highlight that it is the taxpayer's <u>receipt</u> of the notice described in subsec. (12), and not when the notice is <u>sent</u>, that begins the statutory appeal period.

¶29 Moving to subsec. (12), specific directions are given as to the delivery of the notice referenced in subsec. (13). The first sentence of Wis. Stat. § 70.47(12) provides:

> Prior to final adjournment, the board of review shall provide the objector, or the appropriate party under sub. (10), notice by personal delivery or by mail, return receipt required, of the amount of the

---

[10] Because we determine that the City does not have appeal rights under the applicable statutes, we need not address the City's contention that the taxpayer here failed to meet its burden to overcome the presumption that the assessor's valuation is correct.

assessment as finalized by the board and an explanation of appeal rights and procedures under sub. (13) and ss. 70.85, 74.35 and 74.37.

¶30 Like subsec. (13), subsec. (12) refers to the taxpayer, or "objector," only. It does not refer to the City and does not provide for any notice to be given to the City. This means that the City is not required to receive the "explanation of appeal rights and procedures" that the taxpayer receives.

¶31 Further parsing the statutory language, subsec. (12) offers two options for providing the requisite notice to the taxpayer: personal delivery or mail. The second sentence of this subsection contains additional information regarding these two options. It sets forth: "Upon delivering or mailing the notice under this subsection, the clerk of the board of review shall prepare an affidavit specifying the date when that notice was delivered or mailed." Wis. Stat. § 70.47(12). In other words, the clerk of the board of review must prepare an affidavit stating when the notice was delivered, if personally delivered, or when it was mailed, if mailed.

¶32 Notably, there is no requirement for the clerk of the board of review to submit an affidavit with any delivery or receipt information if the notice is mailed. Only the "date when that notice was . . . mailed" is required, not the date when the notice was received. See Wis. Stat. § 70.47(12). This is an important point because the City asserts that it would calculate its filing deadline using the affidavit referred to in

subsec. (12), despite the fact that subsec. (13) does not refer to the City.

¶33 However, a close reading of subsecs. (12) and (13) reveals that the City's argument does not hold water. Again, subsec. (13) sets forth that the deadline for filing a certiorari action is triggered by the taxpayer's receipt of the notice described in sub. (12). But subsec. (12) does not provide an avenue for the City to be informed of when a taxpayer receives the notice.

¶34 As stated, if the mail option is utilized, then the board clerk's affidavit indicates only when the notice was mailed, not when it was delivered or received by the taxpayer. See Wis. Stat. § 70.47(12). However, the date a notice is mailed is most likely not the same as the date the notice is received. The City could guess as to what its ultimate filing deadline would be, estimating the length of time the mail would take to arrive and surmising when someone would be available to sign for the "return receipt required" mail. There is no statutory mechanism for calculating an exact date.

¶35 Additionally, subsec. (12) contains no requirement that the board clerk provide a copy of the affidavit to the City. Although in practice the City may receive it from the board clerk, there is no statutory language to support the proposition that it is required to be provided with the affidavit.

¶36 The fact that there is no certain statutory deadline provided for the City to file a certiorari action indicates that

14

the City does not have such a right. Elsewhere in the statutes, where a party has a right to file an appeal to the circuit court or court of appeals, the legislature has provided a clear deadline for doing so.[11]

¶37 Further, in other areas of the statutes the legislature has clearly given a municipality the ability to appeal the decision of a quasi-judicial board. For example, a

---

[11] See, e.g., Wis. Stat. §§ 102.25(1) ("Any party aggrieved by a judgment entered upon the review of any order or award [in a worker's compensation matter] may appeal the judgment within the period specified in s. 808.04(1)."); 227.53(1)(a)2. ("Unless a rehearing is requested under s. 227.49, petitions for review of contested cases shall be served and filed within 30 days after the service of the decision of the agency upon all parties under s. 227.48."); 227.58 ("Any party, including the agency, may secure a review of the final judgment of the circuit court by appeal to the court of appeals within the time period specified in s. 808.04(1)."); 800.14(1) ("Appeals from judgments, decisions on motions brought under s. 800.115, or determinations regarding whether the defendant is unable to pay the judgment because of poverty, as that term is used in s. 814.29(1)(d), may be taken by either party to the circuit court of the county where the offense occurred. The appellant shall appeal by giving the municipal court and other party written notice of appeal and paying any required fees within 20 days after the judgment or decision."); 808.04(1) ("An appeal to the court of appeals must be initiated within 45 days of entry of a final judgment or order appealed from if written notice of the entry of a final judgment or order is given within 21 days of the final judgment or order as provided in s. 806.06(5), or within 90 days of entry if notice is not given, except as provided in this section or otherwise expressly provided by law."); 809.30(2)(j) ("The person shall file in circuit court and serve on the prosecutor and any other party a notice of appeal from the judgment of conviction and sentence or final adjudication and, if necessary, from the order of the circuit court on the motion for postconviction or postdisposition relief within 20 days of the entry of the order on the postconviction or postdisposition motion.").

determination on "an initial permit, license, right, privilege, or authority, except an alcohol beverage license" is reviewable under ch. 68 of the Wisconsin Statutes. Wis. Stat. § 68.02(1). In Wis. Stat. § 68.13(1) the legislature provides that "[a]ny party to a proceeding resulting in a final determination may seek review thereof by certiorari within 30 days of receipt of the final determination" (emphasis added).

¶38 Similarly, Wis. Stat. § 62.23(7)(e)10. specifies that certiorari review of a decision of a city zoning board of appeals is open to "[a]ny person or persons, jointly or severally aggrieved by any decision of the board of appeals, or any taxpayer, or any officer, department, board or bureau of the municipality." See also Wis. Stat. § 59.694(10) (specifying that certiorari review of a decision of a county zoning board of adjustment may be undertaken by "[a] person aggrieved by any decision of the board of adjustment, or a taxpayer, or any officer, department, board or bureau of the municipality"). No such language is present in Wis. Stat. § 70.47(13). The legislature thus knows how to provide municipalities with the right to bring a certiorari action, but it did not do so in § 70.47(13).

¶39 The City's reliance on Wis. Stat. § 70.47(13) would reduce its appeal deadline to mere guesswork. As the court of appeals put it, "because the taxpayer is the only person statutorily required to receive the notice and the date of that receipt sets the appeal clock ticking, it strongly suggests that the certiorari appeal provision was intended only for the

benefit of an aggrieved taxpayer." City of Waukesha, 395 Wis. 2d 239, ¶27. We therefore conclude that Wis. Stat. § 70.47 does not allow the City to seek certiorari review of a decision of the Board.

¶40 This conclusion is supported by this court's precedent. In Hermann, 215 Wis. 2d at 379, we described chs. 70 and 74 as establishing "a detailed method for taxpayers to appeal a decision of the board of review" (emphasis added).[12] Likewise, the court in Nankin, 245 Wis. 2d 86, ¶3, construed Wis. Stat. § 70.47(13) as providing a means by which "an owner can appeal from the board's determination by an action for certiorari to the circuit court" (emphasis added). The City has cited no published case, and we have found none, that contradicts this understanding.

¶41 Such an understanding is further supported by legislative history. See State v. Wilson, 2017 WI 63, ¶23, 376 Wis. 2d 92, 896 N.W.2d 682 (explaining that "legislative history and other authoritative sources may be consulted to confirm a plain meaning interpretation"). The current language in Wis. Stat. § 70.47(13) that begins the appeal period 90 days after "the taxpayer receives the notice under sub. (12)" was added to the statute in 1994. See 1993 Wis. Act 307, § 3. In the fiscal estimate prepared by the Department of Revenue regarding the

---

[12] Although the court in Hermann, 215 Wis. 2d at 379, referred to both chapter 70 and chapter 74, our decision in this case is limited to certiorari actions under Wis. Stat. § 70.47(13).

bill that became 1993 Wis. Act 307, the Department described the thrust of the change as to "clarify the intended meaning of the 90-day period during which a property owner may appeal a board of review decision to the circuit court." Drafting File for 1993 Wis. Act 307, Fiscal Estimate of 1993 A.B. 1095, Legislative Reference Bureau, Madison, Wis.

¶42 Subsection (11) does not change this result and cannot carry the weight the City places on it. Its plain language grants the City the right to appear as a party in interest "before the board," but such a grant goes no further. Neither subsec. (12) nor subsec. (13) refers to the City as a "party in interest" beyond proceedings before the board.

¶43 Wisconsin Stat. § 70.47(11) does not clearly state or imply that the City may file a certiorari action to appeal a Board decision. Instead, it limits a municipality's role to participation in proceedings "before the board" for the express purpose of "secur[ing] or sustain[ing] an equitable assessment of all the property in the taxation district."

¶44 Additionally, were the City to prevail in this appeal and accordingly raise the assessed value of the Church property above the value as determined by the Board, there is no statutory remedy to which the City can readily point. When the court inquired about the apparent lack of a remedy at oral argument, the City acknowledged that it did not know what the remedy should be if it were to win.[13]

---

[13] The following exchange between the court and counsel for the City took place:

¶45 In sum, we conclude that Wis. Stat. § 70.47 does not allow the City to seek certiorari review of a decision of the Board. Accordingly, we affirm the decision of the court of appeals.

*By the Court.*—The decision of the court of appeals is affirmed.

---

THE COURT: The tax levy is what it is. So if the Church is under-assessed it means the other taxpayers in the district are going to have a higher tax bill. . . . Where does the money go if the City ultimately prevails and the Church's assessment is increased? Will the taxpayers receive a refund because they paid too high of a tax rate? Is there a law that addresses where the money goes?

 . . .

COUNSEL: I do not know. I presume that the taxpayers would not receive a refund. It would be ridiculous to think that a tiny check of less than a dollar is going to be mailed out in the City. Certainly there are statutory procedures that the assessor and the treasurer follow when they handle income. And certainly there are instances where money is received, tax revenue, after that tax year closes. There are procedures for that. I cannot direct you to the specific statutes that control that.