COURT OF APPEALS
DECISION
DATED AND FILED

August 6, 2025

Samuel A. Christensen
Clerk of Court of Appeals

NOTICE

This opinion is subject to further editing. If published, the official version will appear in the bound volume of the Official Reports.

A party may file with the Supreme Court a petition to review an adverse decision by the Court of Appeals. *See* WIS. STAT. § 808.10 and RULE 809.62.

Appeal No. **2024AP2046**

STATE OF WISCONSIN

Cir. Ct. No. 2023CV1776

IN COURT OF APPEALS
DISTRICT II

---

MIDDLETON WESTBROOK PROPERTY OWNER LLC AND ENERPAC TOOL GROUP, CORP.,

    PLAINTIFFS-RESPONDENTS,

  V.

VILLAGE OF MENOMONEE FALLS BOARD OF REVIEW,

    DEFENDANT-APPELLANT.

---

       APPEAL from an order of the circuit court for Waukesha County: BRAD SCHIMEL, Judge. *Reversed.*

       Before Neubauer, P.J., Gundrum, and Lazar, JJ.

       **Per curiam opinions may not be cited in any court of this state as precedent or authority, except for the limited purposes specified in WIS. STAT. RULE 809.23(3).**

¶1     PER CURIAM.   The Village of Menomonee Falls Board of Review appeals an order granting Middleton Westbrook Property Owner LLC and Enerpac Tool Group, Corp.'s (collectively, Middleton) petition for writ of certiorari. Middleton petitioned for certiorari review after the Board refused to consider Middleton's objection to its 2023 property assessment on the basis that Middleton failed to timely provide the assessor with requested income and expense information as required by WIS. STAT. § 70.47(7)(af) (2023-24).[1]   The circuit court ordered the Board to reconvene and to consider Middleton's 2023 objection.  The Board appeals the court's order.  We reverse the order of the circuit court and affirm the Board's decision.

¶2     Middleton owns a parcel of real property in the Village that it leases to a commercial tenant.  On March 10, 2023, the Village sent Middleton a letter informing it that the Village was revaluing all property in the Village for the January 1, 2023 assessment year.  The letter advised Middleton that "[a]s an owner or manager of income producing property, you are aware of the impact that economic factors have on property values."  The letter asked Middleton to complete and return enclosed income and expense data forms "pertaining to the rental and operating of the building."  The letter warned that "[a]n owner may lose the right to appeal to the Board of Review without providing the Assessor's Office with the requested information."  Middleton did not respond to the Village's request.

¶3     By notice dated June 14, 2023, the Village advised the public, in part, that if any taxpayer wanted to object to its 2023 assessment, the Village's board of review would meet on July 27, 2023.  The notice warned, "Please be advised of the following requirements to appear before the board of review and procedural

---

[1]  All references to the Wisconsin Statutes are to the 2023-24 version.

requirements if appearing before the Board of Review." As relevant, the notice stated:

> No person may appear before the Board of Review, testify to the Board of Review by telephone, or object to a valuation if that valuation was made by the assessor or the objector using the income method of valuation, unless no later than 7 days before the first meeting of the board, the person supplies the assessor with all the information about income and expenses that the assessor requests, as specified in the Assessor's Manual under [WIS. STAT. §] 73.03(2a)[.]

¶4 On July 24, 2023, three days before the Board's meeting, Middleton objected to its 2023 assessment and provided the Board with a single-property appraisal of the property that valued the property using, in part, an income approach. In response, the Board advised Middleton that "your objection will not be scheduled for a hearing." The Board explained that the Wisconsin statutes provided, in part:

> No person may appear before the board of review, testify to the board by telephone or object to a valuation; if that valuation was made by the assessor or the objector using the income method; unless no later than 7 days before the first meeting of the board of review the person supplies to the assessor all of the information about income and expenses, as specified in the manual under [WIS. STAT. §] 73.03(2a), that the assessor requests.

WIS. STAT. § 70.47(7)(af). The Board further advised:

> The Village assessor utilized the income method to determine the valuation of your property and sent the enclosed letter on March 10 requesting income and expense information. The letter states that a property owner may lose the right to appeal to the Board of Review if the requested information is not provided. In addition, first-class notices dated April 26 and June 14 were published containing the language in WIS. STAT. § 70.47(af) [sic] above.
>
> Because you did not provide the income and expense information as requested by the Village Assessor prior to the close of business on July 17, 2023, WIS. STAT. § 70.47(af) [sic] prohibits you from appearing before the Board of

Review to testify and object to the value of the subject property.

¶5      In response, Middleton petitioned the circuit court for certiorari review, and the court ultimately ordered the Board to reconvene and consider Middleton's 2023 objection. The Board now appeals.

¶6      "On appeal of a circuit court certiorari decision, we review the decision of the local governmental body, not the decision of the circuit court." *Miller v. Zoning Bd. of Appeals of Vill. of Lyndon Station*, 2022 WI App 51, ¶18, 404 Wis. 2d 539, 980 N.W.2d 295. Our inquiry is limited

> to the record before the board and addresses only whether the board's actions were: (1) within its jurisdiction; (2) according to law; (3) arbitrary, oppressive, or unreasonable and represented its will and not its judgment; and (4) supported by evidence such that the board might reasonably make the order or determination in question.

*State ex rel. City of Waukesha v. City of Waukesha Bd. of Rev.*, 2021 WI 89, ¶19, 399 Wis. 2d 696, 967 N.W.2d 460.

¶7      WISCONSIN STAT. § 70.47(7)(af) plainly and unambiguously provides that no person may appear before the board or object to a valuation:

> if that valuation was made by the assessor or the objector using the income method; unless no later than 7 days before the first meeting of the board of review the person supplies to the assessor all of the information about income and expenses, as specified in the manual under [WIS. STAT. §] 73.03(2a),[2] that the assessor requests.

---

[2] WISCONSIN STAT. § 73.03(2a) requires the department of revenue to prepare and publish an assessment manual that "shall discuss and illustrate accepted assessment methods, techniques and practices." Assessors, in turn, are required to value real property "in the manner specified in the Wisconsin property assessment manual … from actual view or from the best information that the assessor can practicably obtain, at the full value which could ordinarily be obtained therefor at private sale." WIS. STAT. § 70.32(1).

4

¶8      Here, the Village's March 10, 2023 letter put Middleton on notice that it was going to be relying on an income valuation method to derive Middleton's 2023 property assessment. The letter referred to Middleton as an owner of "income producing property" and told Middleton it needed the data it was requesting "to assist in arriving at fair and equitable values for the 2023 assessment year." The letter stated the assessor was requesting "information pertaining to the rental and operation of the building" and included a fill-in form for Middleton to provide information related to its building's income and expenses. The letter also warned that "[a]n owner may lose the right to appeal to the Board of Review without providing the Assessor's Office with the requested information. Please see State Statute [WIS. STAT. §] 70.47(af) [sic]." (Emphasis omitted.)

¶9      Based on the Record, if Middleton wanted to object to its 2023 property assessment, it was required to provide the Village assessor with its requested income and expense information at least seven days before the Board's hearing. *See* WIS. STAT. § 70.47(7)(af). Given the March 10 letter, we reject Middleton's argument that it was never on notice that the Village was using an income valuation method to assess its property, and therefore did not know it needed to timely provide the Village with the requested income and expense information.[3] Because Middleton failed to provide the Village with its requested information, the Board properly refused to consider Middleton's objection.

---

[3] Middleton argues that it was improper for the Village to assess its property using an income valuation method and should have instead relied on comparable sales. This issue is not before this court. Had Middleton properly objected to its assessment, it could have made this argument before the Board. *See* ***Nankin v. Village of Shorewood***, 2001 WI 92, ¶18, 245 Wis. 2d 86, 630 N.W.2d 141 (The board of review "is not an assessing body but rather a quasi-judicial body whose duty it is to hear evidence tending to show errors in the assessment roll and to decide upon the evidence adduced whether the assessor's valuation is correct." (emphasis omitted)).

¶10     In any event, even assuming the March 10 letter did not put Middleton on notice that the *assessor* was going to rely on an income valuation approach, the appraisal that Middleton submitted three days before the Board's hearing contained an entire section where Middleton's appraiser valued its property using an income approach.  WISCONSIN STAT. § 70.47(7)(af) also provides, in part, that no person may object to a valuation "if that valuation was made by … *the objector using the income method*; unless no later than 7 days before the first meeting of the board of review the person supplies to the assessor all of the information about income and expenses, as specified in the manual under [WIS. STAT. §] 73.03(2a), that the assessor requests." (Emphasis added.)  Because Middleton's appraisal included an income valuation method, Middleton was required to timely provide the Village assessor with the requested income and expense information.  *See* § 70.47(7)(af). When Middleton failed to do so, the Board properly refused to consider its objection.  We reverse the circuit court's order and affirm the Board's decision.

*By the Court.*—Order reversed.

This opinion will not be published.  *See* WIS. STAT. RULE 809.23(1)(b)5.