COURT OF APPEALS
DECISION
DATED AND FILED

March 10, 2026

Samuel A. Christensen
Clerk of Court of Appeals

**NOTICE**

This opinion is subject to further editing. If published, the official version will appear in the bound volume of the Official Reports.

A party may file with the Supreme Court a petition to review an adverse decision by the Court of Appeals. *See* WIS. STAT. § 808.10 and RULE 809.62.

Appeal No.   **2024AP1325**

STATE OF WISCONSIN

Cir. Ct. No. 2023CV1688

IN COURT OF APPEALS
DISTRICT I

---

**B & E 53207 CORPORATION,**

   **PLAINTIFF-APPELLANT,**

 **V.**

**CITY OF MILWAUKEE BOARD OF REVIEW,**

   **DEFENDANT-RESPONDENT.**

---

APPEAL from an order of the circuit court for Milwaukee County: MICHAEL J. HANRAHAN, Judge. *Affirmed*.

Before White, C.J., Donald, and Geenen, JJ.

**Per curiam opinions may not be cited in any court of this state as precedent or authority, except for the limited purposes specified in WIS. STAT. RULE 809.23(3).**

¶1   PER CURIAM.   B&E 53207 Corporation appeals the order of the circuit court affirming the decision of the City of Milwaukee Board of Review

denying B&E's late appeal of a property tax assessment determination. B&E argues that the Board's decision was arbitrary and unreasonable, representing its will and not its judgment. We disagree, and affirm.

## BACKGROUND

¶2    B&E owns property located on East Becher Street in Milwaukee. In 2022, the City issued an assessment of the property of $1,916,600, an increase of almost 400% from the previous year's assessment. The registered agent for B&E, Brian Read, reached out to the Assessor's Office for information about the process for reviewing the assessment, as Read believed the property had been "drastically over-assessed."

¶3    Read discussed the matter with Vicente Hernandez, the Senior Property Appraiser in the Assessor's Office. During July and August 2022, Read and Hernandez met at both the property and at City Hall to discuss the assessment. Read asserts that he "repeatedly" checked in with Hernandez regarding a determination on the assessment, and "stressed" that he wanted the opportunity to appeal if the assessment was adjusted and he felt it was still excessively high.

¶4    A determination letter was sent to B&E on October 5, 2022, reducing the assessment by almost $400,000. There was a 15-day window to appeal the assessment determination, the deadline being October 20, 2022.

¶5    Read claims he never received the letter. He contacted Hernandez on October 25, 2022, at which time Hernandez informed him that the letter had been mailed on October 5, 2022, and the time to appeal had expired. Read then contacted the Board about his desire to appeal the revised assessment, and was advised that he could submit a late objection/late appeal form explaining the

circumstances to establish "good cause" for the Board to consider the late appeal, pursuant to WIS. STAT. § 70.47 (2021-22)[1] and the Board's Rules of Procedure. The form was submitted by counsel for B&E on November 18, 2022.

¶6    A hearing was held by the Board on November 30, 2022, regarding B&E's request for a late appeal. The Board denied the request, concluding that B&E had not established good cause as required.

¶7    B&E filed a petition for certiorari review with the circuit court. It argued that the Board's denial was arbitrary, unreasonable, and represented its will and not its judgment because the Board "misconstrued and misunderstood" B&E's reasons for the late appeal, and did not properly discuss and apply its good cause standard.

¶8    The circuit court found that the record provided sufficient support for the Board's decision that B&E had not demonstrated there were extraordinary circumstances relating to its late appeal and therefore had not established good cause. As a result, the court determined that the Board's decision was not arbitrary, unreasonable, and representative of its will and not its judgment. Accordingly, the court affirmed the Board's decision denying B&E's late appeal. This appeal follows.

## DISCUSSION

¶9    On certiorari review, we review de novo the Board's decision, not the decision of the circuit court. *See State ex rel. Bruskewitz v. City of Madison*,

---

[1] All references to the Wisconsin Statutes are to the 2023-24 version unless otherwise noted.

3

2001 WI App 233, ¶11, 248 Wis. 2d 297, 635 N.W.2d 797. As such, this court's review is "limited to the record before the [B]oard" and "addresses only whether the [B]oard's actions were: (1) within its jurisdiction; (2) according to law; (3) arbitrary, oppressive, or unreasonable and represented its will and not its judgment; and (4) supported by evidence such that the board might reasonably make the order or determination in question." *See **State ex rel. City of Waukesha v. City of Waukesha Bd. of Rev.***, 2021 WI 89, ¶19, 399 Wis. 2d 696, 967 N.W.2d 460.

¶10 On appeal, B&E asserts that the third prong of the review is at issue, arguing that the Board's decision was arbitrary, oppressive, or unreasonable and represented its will and not its judgment. *See **id.*** A municipal board's decision will not be deemed to be arbitrary if there is a "rational basis" for the decision. ***Weaver v. State Pers. Bd.***, 71 Wis. 2d 46, 54, 237 N.W.2d 183 (1976). Furthermore, that decision "need only contain enough information for the reviewing court to discern the basis" of the decision, and a "detailed or explicit explanation of the [board's] reasoning is not necessary." ***Oneida Seven Generations Corp. v. City of Green Bay***, 2015 WI 50, ¶49, 362 Wis. 2d 290, 865 N.W.2d 162. Additionally, there is "a presumption of correctness and validity" to the decision of a municipal board. ***Ottman v. Town of Primrose***, 2011 WI 18, ¶48, 332 Wis. 2d 3, 796 N.W.2d 411.

¶11 For this case, the Board's Rules of Procedure dictate the process for reviewing a late appeal. The Rules state that "[l]ate filed objections may be accepted if the Board, in its sole discretion, determines that extraordinary circumstances exist such that the objector has established good cause for the late filing[.]" B&E argues that the Board misconstrued its two primary arguments explaining the extraordinary circumstances that establish good cause for the late

appeal, as submitted to the Board in the late objection/late appeal form: (1) that B&E never received the determination letter sent by mail on October 5, 2022; and (2) that Read was "proactive and diligent" in checking with Hernandez about the status of the assessment determination. As a result of the Board's alleged misunderstanding of these arguments, B&E asserts that the Board did not actually consider them and its decision was therefore arbitrary, citing *Olson v. Rothwell*, 28 Wis. 2d 233, 239, 137 N.W.2d 86 (1965) (explaining that an "[a]rbitrary action is the result of an unconsidered, wil[l]ful and irrational choice of conduct and not the result of the 'winnowing and sifting' process").

¶12     In support of its assertion that the Board did not consider its arguments, B&E asserts there were many deficiencies surrounding the hearing. It first contends that the transcript from the hearing is "jumbled and difficult to read and comprehend" due to typos and inaccuracies, which "strip[s]" B&E of "any real meaningful chance of appellate review." B&E states that this "should have been reason enough for the circuit court to reverse the Board's decision."

¶13     The transcript is, admittedly, imperfect, as it contains some obvious errors.[2] However, B&E provides no legal support for its position that an inaccurate transcript is a sufficient basis to reverse the Board's decision. In fact, this court has previously observed that "[b]oard of review proceedings may be somewhat informal[.]" *See State ex rel. Hemker v. Huggett*, 114 Wis. 2d 320, 323, 338 N.W.2d 335 (Ct. App. 1983). Such informal proceedings may result in a "jumbled" transcript, as B&E describes it, but that does not render the matter

---

[2] The clerk of the Board submitted an affidavit explaining that the video from the hearing was saved to the wrong platform and was unrecoverable. The City's Information Technology Management Division then became involved to recover the hearing recording.

unreviewable. Rather, we review the transcript in conjunction with other documents in the record that were before the Board when it made its decision. *See City of Waukesha Bd. of Rev.*, 399 Wis. 2d 696, ¶19. These documents include the late objection/late appeal form submitted by B&E; correspondence between B&E and the Assessor's Office; correspondence between B&E and the clerk of the Board; and chronological timelines prepared by the Assessor's Office and clerk.

¶14 B&E further asserts that some Board members appeared to be unaware of the proper standard they were to apply. Indeed, B&E makes much of the fact that the Board never referred to "good cause" during the hearing. However, the transcript reflects that during the discussion at the hearing, Board members confirmed that they were "looking for extraordinary circumstances" to make their determination, the existence of which is required to establish good cause by the Rules of Procedure.

¶15 We thus turn to B&E's two primary arguments, which it contends were not actually considered by the Board because the Board misconstrued them. B&E's first argument is that it consistently stated that it never received the determination letter sent by mail on October 5, 2022, but there were comments by Board members during the hearing that refer to the determination letter as being received late by B&E—as opposed to never received—due to a postal delivery issue. While the transcript does reflect varying comments regarding this matter, there are several instances where members acknowledged that B&E never received the determination letter. In any event, regardless of whether the determination letter was received late or not at all, the Board made it clear that it does not generally grant permission for a late appeal due to a postal error, noting that postal errors occur "regularly" and are therefore not considered to be extraordinary circumstances.

¶16     Furthermore, the record shows that the Board considered the failed mail delivery to be the result of an error on the part of B&E. During the hearing, it was discussed that the determination letter was sent to the property address, which was the address of record with the City. However, according to Read, mail to this property was being forwarded to a post office box. The Board stated that the City was not at fault for the failed delivery of the letter, noting "it would appear the [C]ity did all of the things that were necessary" in sending the determination letter to the address of record for B&E, the inference being that B&E's reliance on mail forwarding services came with an increased risk of the letter being delayed or lost.

¶17     This inference is reflected in the Board's discussion regarding the agent authorization form filed by B&E's counsel after B&E discovered the appeal time had expired. B&E argues that the Board "went off on a tangent" regarding the agent authorization form, which B&E contends was "entirely unrelated" to its request for a late appeal. On the contrary, one Board member commented that had B&E granted agent authorization earlier, the determination letter would have been sent directly to counsel's office, avoiding the "[r]igamorole [sic]" of having the letter forwarded by the post office. This consideration is thus directly related to the rational basis for the Board's decision denying B&E's late appeal. *See Weaver*, 71 Wis. 2d at 54.

¶18     With regard to its second primary argument for establishing good cause, that Read was "proactive and diligent" in checking with Hernandez about the status of the assessment determination, B&E argues that it also was not considered by the Board. However, the transcript indicates this communication was noted, with a Board member stating that the assessor had been "contacting and talking with the owner, Mr. Reed [sic]" during the review process.

7

¶19 In fact, B&E's argument here seems to be that the Board did not give this ongoing communication with the Assessor's Office as much weight as B&E would have liked. However, "the weight to accord the evidence lies within the discretion of the municipality." *Oneida Seven Generations Corp.*, 362 Wis. 2d 290, ¶44.

¶20 B&E also suggests there was a lack of preparation for the hearing by Board members, which undermines its decision. B&E asserts it was "abundantly clear" at the hearing that not all Board members had reviewed the materials B&E submitted relating to its request for a late appeal. Indeed, the transcript does reflect that one member was apparently unable to initially locate B&E's late objection/late appeal form in her materials. However, the transcript also demonstrates that Board members were asking questions and discussing the facts and circumstances presented by B&E regarding its request for a late appeal. As the circuit court noted, "the asking of questions is evidence that the [Board] members were engaged in the issues and were seeking the information that would be relevant to a decision" before determining that B&E had not established extraordinary circumstances that warranted granting its request. In short, the record indicates that the Board considered B&E's primary arguments, and therefore was not arbitrary. *See Olson*, 28 Wis. 2d at 239.

## CONCLUSION

¶21 For our certiorari review on appeal, we presume the Board's decision was correct and valid. *See Ottman*, 332 Wis. 2d 3, ¶48. Furthermore, that decision must contain only enough information for this court to "discern the basis" of the decision, not necessarily a "detailed or explicit explanation" of its reasoning. *Oneida Seven Generations Corp.*, 362 Wis. 2d 290, ¶49. Even with

the errors in the transcript, the record sufficiently demonstrates that the Board had a rational basis to deny B&E's request for a late appeal. *See **Weaver***, 71 Wis. 2d at 54.

¶22     We therefore conclude that the Board's decision was not arbitrary, oppressive, unreasonable, and representative of its will and not its judgment. *See **City of Waukesha Bd. of Rev.***, 399 Wis. 2d 696, ¶19.  Accordingly, we affirm the circuit court's order upholding the Board's decision denying B&E's request for a late appeal.

*By the Court.*—Order affirmed.

This opinion will not be published.  *See* WIS. STAT. RULE 809.23(1)(b)5. (2023-24).

9